886 F.2d 1316
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Vernon E. RODMAN, Petitioner-Appellant,
v.
Ben BOWER, Respondent-Appellee.
 No. 89-3091.
 United States Court of Appeals, Sixth Circuit.
 Oct. 6, 1989.
 
 Before BOYCE I. MARTIN, Jr. and MILBURN, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Vernon E. Rodman, an Ohio prisoner proceeding pro se and in forma pauperis, appeals the judgment of the district court dismissing his petition for habeas corpus relief filed pursuant to 28 U.S.C. Sec. 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Rodman claimed that he was being illegally restrained by the members of Ohio's Adult Parole Authority because they allegedly denied him a parole hearing at the expiration of his minimum sentence. He contended that this conduct constituted a violation of the constitutional protection against double jeopardy.
 
 
 3
 The district court dismissed Rodman's petition because petitioner had not exhausted his available state remedies. In essence, the district court reasoned that Rodman's claim would properly be the subject of a state mandamus action. Consequently, Rodman failed to exhaust an available state court remedy as required by 28 U.S.C. Sec. 2254(b) and (c).
 
 
 4
 On appeal, Rodman argues that the district court erred.
 
 
 5
 Upon review, we hereby affirm the judgment of the district court for reasons other than those set forth in the district court's opinion. See Russ' Kwik Car Wash, Inc. v. Marathon Petroleum Co., 772 F.2d 214, 216 (6th Cir.1985) (per curiam). We hold that Rodman completely fails to allege facts that would arguably entitle him to habeas relief. The record clearly reveals that Rodman received a parole hearing as provided by state law. Furthermore, there exists no constitutionally protected liberty interest in the discretionary grant of parole. Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex, 442 U.S. 1, 7 (1979). Rodman does not state a claim for which habeas relief is appropriate.
 
 
 6
 Accordingly, the judgment of the district court is hereby affirmed on the merits rather than for lack of exhaustion. Rule 9(b)(5), Rules of the Sixth Circuit.